

# United States District Court
## FOR THE
## WESTERN DISTRICT OF NEW YORK

42 U.S.C § 1983                              CIVIL ACTION NO_____

## COMPLAINT

1. This is a civil action for damages brought pursuant to the United States Constitution and 42 U.S.C 1983 resulting from deprivations, under color of law, of plaintiff's rights under the fourth, fifth, sixth and eighth amendments to the United States Constitution and for tortious behavior under New York State Law.

2. This court has jurisdiction over these claims pursuant to Article III, section 1 of the Constitution and 28 U.S.C §§ 1331, 1332 and 1343 plaintiff also invokes the pendant jurisdiction of this court to decide the asserted statutory and common law tort claims. The amount in controversy exceeds $10,000. excluding interest & costs.

3. Venue is properly established in this judicial district pursuant to 28 U.S.C 1391 (B).

## PARTIES

4. ANTONIO NUNES A#070-522-801 The plaintiff, is a citizen of Botswana, and has resided in the United States for 40 + years having been admitted at 3 months of age in August of 1984, and granted Legal Permanent Resident Status, the plaintiff is currently detained in ICE Detention at the Adelanto ICE Processing Center In Adelanto, California 10250 Rancho Road, However before plaintiff's ICE detention and Incarceration plaintiff was a resident of BUFFALO NEW YORK In ERIE COUNTY and has been since 1984.

5. ELNUR S. KARADZHA a defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the BUFFALO POLICE DEPARTMENT. The acts of defendant ELNUR S. KARADZHA which are subject of this lawsuit were undertaken in regular course of his employment for defendant municipality. He is sued both individually and in his official capacity. Upon information and belief, defendant ELNUR S. KARADZHA is a resident of ERIE COUNTY And employed by the CITY OF BUFFALO NEW YORK as a BUFFALO POLICE OFFICER at B District 695 Main st. Buffalo New 14202.

6. The BUFFALO POLICE CHIEF during time incident occurred a defendant was at all times relevant to the incidents which are the subject of this lawsuit, the CHIEF OF THE BUFFALO POLICE DEPARTMENT, as such he is the responsible party for supervising the training, instruction, discipline, control and conduct of defendant police officer(s). He is also charged with promulgating all orders rules, instructions and regulations of the BUFFALO POLICE DEPARTMENT including but not limited to those orders, rules, instructions and regulations concerning the use of force. He is sued both individually and in his official capacity. Upon information and belief, defendant police chief is a resident of ERIE COUNTY.

7. BUFFALO POLICE DEPARTMENT is a municipal corporation charged with and responsible for appointing and promoting, through the MAYOR OF BUFFALO NEW YORK, the members of the BUFFALO POLICE DEPARTMENT and for the supervision, training, instruction, discipline, control and conduct of the BUFFALO POLICE DEPARTMENT and its personnel. At all relevant times, defendant municipality had the power, right and duty to control the manner in which the individual defendant(s) carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the BUFFALO POLICE DEPARTMENT were consistent with the constitution and the laws of the municipality.

## FACTS

8. September 19, 2024 at approximately 10:00 pm petitioner was arrested at 1930 Niagara Falls Blvd in Tonawanda, NY and held for Buffalo Police.

9. Defendant, BUFFALO POLICE OFFICER, ELNUR S. KARADZHA arrived to take petitioner into custody, defendant handcuffed petitioner and placed him in the back seat of patrol vehicle and drove to B district police station at 695 Main St. Buffalo New York where defendant parked in the parking lot.

10. While at B district parking lot handcuffed in the back seat of the patrol vehicle, Officer ELNUR S. KARADZHA exited the patrol vehicle and walked around to the right side back door and opened it and told petitioner to exit the vehicle.

11. Petitioner refused to exit the patrol vehicle after being asked a few times, then officer ELNUR KARADZHA being highly aggravated and agitated, with a "white shirt" co-worker superior standing a couple feet back witnessing the whole scenario unfold.

12. Defendant BUFFALO POLICE OFFICER ELNUR S. KARADZHA Proceeded to lunge at petitioner and place both his hands around petitioners neck and began violently choking petitioner for between 25-30 seconds all while petitioner was still handcuffed, temporarily cutting off his air supply and causing him extreme alarm.

13. Defendant ELNUR S. KARADZHA then attempted to forcefully remove petitioner from the patrol vehicle by grabbing his clothing and aggressively pulling on it with force.

14. Petitioner did not comply with officer Karadzha's request to exit the patrol vehicle because petitioner feared bodily harm from the defendant(s)

15. As a result of the misconduct herein before described, plantiff ANTONIO NUNES experienced emotional distress, pain and suffering. While incarcerated at the ERIE COUNTY HOLDING CENTER between September 19th 2024-May 20th 2025 Plantiff submitted complaints both in writing and verbally over the phone to BUFFALO POLICE INTERNAL AFFAIRS, Petitioner was eventually visited by LT. FARLEY (716)851-4849 and another BUFFALO POLICE OFFICER while at the holding center and gave a recorded account of the events stated above

## COUNT I

16. Paragraphs 1 through 15 are adopted and incorporated by reference.

17. Acting under color of law and the authority of defendant municipality, defendant police officer(s), intentionally, negligently, and with complete and deliberate indifference for plantiffs rights caused plantiff to be deprived of his constitutional rights, including but not limited to those under the Fourth, Fifth, Sixth and Eighth Amendments by

    a. Using a degree of force that was unreasonable under the circumstances, and in violation of plantiff's right to be free of an unreasonable seizure under the Fourth Amendment.

    b. Subjecting plantiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth and Eighth Amendments and

    c. Depriving plantiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the Fifth Amendment.

18. Defendant Police Chief, under color of law, intentionally, negligently, and with complete and deliberate indifference to plantiffs rights, caused plantiff to be deprived of his constitutional rights including but not limited to the Fourth, Fifth, Sixth and Eighth Amendments by:

    a. Failing to supervise properly the training and conduct of defendant police officers;

    b. Failing to enforce the laws of NEW YORK STATE, and the provisions of the constitution of the United States concerning use of force by members of the police force while making an arrest plantiffs injuries and deprivation of constitutional rights were proximately caused by defendant police chiefs.

    a. Inadequate supervision of the training and conduct of defendant police officer

  b. Failure to enforce the laws of NEW YORK STATE, and the provisions of the constitution of the UNITED STATES; and

  c. Issuance of vague, confusing, and contradictory policies concerning the use of force that are inconsistent with the requirements of the <u>Fourth, Fifth, Sixth</u>, and <u>Eighth Amendments of the UNITED STATES CONSTITUTION</u>

19. Defendant municipality, under color of law, intentionally, negligently, and with complete and deliberate indifference for plantiff's rights, authorized, permitted, and tolerated the custom and practice of the unconstitutional and excessive use of force by members of the BUFFALO POLICE DEPARTMENT and, in particular by defendant police officer; by failing to;

  a. Appoint, promote, train and supervise members of the BUFFALO POLICE DEPARTMENT who would enforce the laws in effect in NEW YORK STATE and who would protect the constitutional rights of the people of BUFFALO NEW YORK.

  b. By permitting the policy and custom of using unreasonable force to exist and to be followed by the BUFFALO POLICE DEPARTMENT, thereby proximately causing the deprivation of plantiffs rights under the <u>Fourth</u>, <u>Fifth</u>, <u>Sixth</u> and <u>Eighth Amendments</u> to the UNITED STATES CONSTITUTION.

## COUNT II

20. Paragraphs 1-19 are adopted and incorporated by reference.

21. The above described Assault by choking of plantiff by BUFFALO POLICE OFFICER ELNUR S. KARADZHA on the night of september 19th 2024 at or about 10:15 pm while plantiff was handcuffed in defendants issued police patrol vehicle constitutes Assault under the laws of NEW YORK STATE

22. As a result of the Assault upon his person by defendant police officer plantiff has suffered physical and mental pain and distress.

23. Defendant police chief negligently caused the above described injuries to plantiff by failing to properly train, supervise and control the conduct of Defendant police officer.

24. Defendant municipality negligently caused the above described injuries to plantiff by failing to properly train, supervise and control the conduct of defendant police officer(s).

25. Defendant municipality, as the employer of defendant police officer and police chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual defendants.

## COUNT III

26. Paragraphs 1-25 are adopted and incorporated by reference.

27. The above described Assault by defendant BUFFALO POLICE OFFICER ELNUR S. KARADZHA on night of September 19 2024 constitutes negligence and gross negligence under the laws of NEW YORK STATE.

28. The conduct of defendant police chief in failing to properly train, supervise and control constitutes negligence and gross negligence under the laws of NEW YORK STATE.

29. Defendant municipality, as the employer of defendants police officer and police chief, is liable under the doctrine of respondeat superior for the negligent conduct of the individual defendants.

## COUNT IV

30. Paragraphs 1-29 are adopted and incorporated by reference.

31. Defendant police officer negligently and intentionally deprived plantiff of his right to be free from unnecessary and wanton force during arrest, by his malicious use of unreasonable and excessive force in choking plantiff while handcuffed.

32. As a result of defendant police officers use of excessive and unreasonable force in choking plantiff while handcuffed, plantiff suffered permanent physical and mental pain and distress.

33. Defendant police chief negligently caused the above described injuries by failing to properly train, supervise and control the conduct of defendant police officer by failing to train members of the BUFFALO POLICE DEPARTMENT to enforce the laws in effect in NEW YORK STATE.

34. Defendant municipality negligently caused the above described injuries by failing to properly train, supervise and control the conduct of defendant police officer by failing to train members of the BUFFALO POLICE DEPARTMENT to enforce the laws in effect in NEW YORK STATE.

35. Defendant municipality, as the employer of the defendant police officer and police chief is liable under the doctrine of respondeat superior for the tortious conduct of the individual defendants.

## COUNT V

36. Paragraphs 1-35 are adopted and incorporated by refence.

37. Defendant police officer in choking plantiff while handcuffed in back of patrol vehicle acted in an extreme and outrageous manner, intentionally and with reckless disregard for plantiffs welfare inflicted severe and permanent emotional distress on plantiff.

38. Defendant police chief negligently caused the above described injuries to plantiff by failing to properly train, supervise and control the conduct of defendant police officer.

39. Defendant municipality negligently caused the above described injuries to plantiff by failing to properly train, supervise and control the conduct of the defendant police officer.

40. Defendant municipality, as the employer of defendant police officer and police chief is liable under the doctrine of respondeat superior for tortious conduct of the individual defendants.

## COUNT VI

41. Paragraphs 1-40 are adopted and incorporated by reference.

42. Defendant police officer choking plantiff while handcuffed in back of patrol vehicle negligently inflicted severe and permanent emotional distress on plantiff.

43. Defendant police chief negligently caused the above described injuries to plantiff by failing to properly train, supervise and control the conduct of defendant police officer.

44. Defendant municipality negligently caused the above described injuries to plantiff by failing to properly train, supervise and control the conduct of defendant police officer(s).

45. Defendant municipality as the employer of defendant police officer and police chief is liable under the doctrine of respondeat superior for tortious conduct of individual defendants.

## RELIEF REQUESTED

WHERFORE, PLANTIFF PRAYS THAT THIS COURT

1. Award to plantiff compensatory damages in an amount to be determined at trial, but not less than the amount of $250,000.00 jointly & severally against defendants for the matters alleged in this complaint;

2. Award to plantiff punitive damages in an amount to be determined at trial against all defendants except defendant municipality;

3. Award to plantiff reasonable costs and attorneys fees;

4. Grant such other and further relief as this court deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable.

ANTONIO NUNES (Pro Se)

Adelanto ICE Processing Center

10250 Rancho Road

Adelanto, CA 92301

A# 070-522-801 Dorm: WD4-107-2U

# **CERTIFICATE OF SERVICE**

Petitioner hereby certifies that on the day of **September 2rd 2025** the original print and true copy of this forgoing **42 U.S.C § 1983 CIVIL COMPLAINT** has been placed in an envelope, postage paid and delivered to mail room clerk at the Adelanto ICE Processing Center located at 10250 Rancho Road, Adelanto CA 92301 for forwarding to United States Postal Service.

Date of mailing: **September 2rd 2025**. Place of mailing: Adelanto, California

**Person(s) and/or Entity(ies) to Whom mailed:**

Office of The Clerk
United States Courthouse
Western District of New York
2 Niagara Sq.
Buffalo, New York 14202

Respectfully Submitted

*[signature]*

A#070-522-801
Adelanto ICE Processing Center
10250 Rancho Road
Adelanto, CA 92301
Dorm:WD4-107-2U

# CITY OF BUFFALO POLICE DEPARTMENT
# CENTRAL BOOKING BUREAU
# CASE HISTORY

DEFENDANT(S): ANTONIO NUNES                AFN: 24-013266

THE OFFICER IN CHARGE OF A CASE IS THE OFFICER WITH THE MOST KNOWLEDGE OF THE EVENTS LEADING TO THE ARREST. THIS OFFICER WILL ALSO BE THE ONE TO SUBMIT ALL ITEMS OF AN EVIDENTIARY NATURE TO THE CPS LAB OR PROPERTY ROOM. THE OFFICER IN CHARGE MUST GIVE A CONCISE AND SUFFICIENTLY DETAILED ACCOUNT OF THE CASE WITH SPECIFICS PERTAINING TO ALL OFFICERS INVOLVED. THIS ACCOUNT WILL ACCOMPANY ALL PAPERWORK FORWARDED TO BUFFALO CITY COURT.

THE FOLLOWING SUMMARY REPRESENTS THIS CASE FILE TO THE BEST OF MY KNOWLEDGE:

NAME OF OFFICER IN CHARGE: OFC ELNUR KARADZHA
FUNCTION(S) PERFORMED: INVESTIGATED AND PLACED THE DEFENDANT UNDER ARREST; RECOVERED EVIDENCE; SUBMITTED EVIDENCE; 710.30

NAME OF ASSISTING OFFICER #2: LEAD DET VICTORIA SIRACUSE
FUNCTION(S) PERFORMED: ASSISTED IN INVESTIGATION; ARREST; STATEMENTS

NAME OF ASSISTING OFFICER #3:
FUNCTION(S) PERFORMED: ASSISTED IN INVESTIGATION; ARREST;

NAME OF ASSISTING OFFICER #4:
FUNCTION(S) PERFORMED: ASSISTED IN INVESTIGATION; ARREST;

OFFICER SIGNATURE: _____

DATE 9-19-2024

P-163                                                           PAGE 2

## BUFFALO POLICE DEPARTMENT
## ARREST DATA REPORT

AFN: _____

CD 24-254-0146                           DATE: 09-19-2024

DEFENDANT'S NAME  NUNEZ           ANTONIO
                (LAST)          (FIRST)             (M)

DATE OF BIRTH 05-14-1984

Officer recovered pink clear capsul containing crack residue from left front jeans pocket at 1930 Niagara Falls Blvd while taking custody of defendant & transported to 695 Main St (B-District). Defendant got violent & aggressive towards officer at B-District. Refused to get out of patrol vehicle #55. Defendant spit numerous times & kick at officer. Defendant immediately transported to 121 W. Eagle St. City Booking. Defendant threatened to shoot officer. Defendant escorted to booking by staff being combative.

5/28/2022

P-163 (Rev 01/15)
ORI# 1501

**BUFFALO POLICE DEPARTMENT**
**ARREST DATA FORM**

DISTRICT OF ARREST: _____
PROPERTY: ☐ YES  ☐ NO
MONEY: $ _____

24185D    5431

DATE: 9/19/2024   INCIDENT NUMBER: 24 254 0146   RIC#: C7773492   AFN: 24-013264
DEFENDANT'S NAME: Nunes, Antonio
                  (LAST)      (FIRST)         (M)
DATE OF BIRTH: 5/14/1984   AGE: 40   PLACE OF BIRTH: _____
ARRESTING OFFICER: E KARADZHA   ASSISTING OFFICER: _____
DIST: B   ASSIGNMENT: B430   ARREST DATE: 9/19/24   ARREST TIME: 2207 hrs
ADDRESS OF ARREST: 695 Main St.
CHARGES: PL 120.00-1, 240.26-1 x2 121.11 A, PL 120.03, P.L 195.05/PL 240.26

NARRATIVE: On 9/10/2024 the victim was giving the defendant a ride. Around 0550hrs at Michigan Ave & Cherry St. the defendant did continuously punch the victim in the face and did grab the victim's neck applying pressure to the neck. The victim also reports that the defendant kept grabbing the steering wheel while he was driving attempting to crash the vehicle. The victim did seek medical treatment and was transported to the hospital by AMR. The victim had a laceration over his left eye, other cuts to his face/head/mouth and reported swelling and pain to his neck. Victim requests an order of protection.

DEFENDANT'S STREET NAME/ALIASES: _____
DEFENDANT'S ADDRESS: 241 Genesee
CITY: _____ STATE: _____ ZIP CODE: _____ US CITIZEN: ☒ YES  ☐ NO
SOCIAL SECURITY NUMBER: 107 68 6391   MARITAL STATUS: D   OCCUPATION: _____
DEFENDANT'S SEX: M   HEIGHT: 5'11"   WEIGHT: 165   BUILD: med.   EYE COLOR: Bro
HAIR COLOR: BLK   SKIN TONE: med.   RACE: B   ETHNICITY: —
SCARS, MARKS, TATTOOS: _____
WARRANTS: ☐ YES  ☐ NO (IF YES, ATTACH COPY) REPORT TECH. INITIALS: SLT   SATISFACTORY ID: ☐ YES ☐ NO
HAS THE DEFENDANT RECENTLY BEEN OUTSIDE THE UNITED STATES? ☐ YES ☐ NO
(IF YES, WHERE?): _____
COMPLAINANT'S NAME: Dennis Lawrence   7163144418   RELATIONSHIP: Acquaintance
USE OF FORCE? ☐ YES ☐ NO (IF YES, OFFICER(S) MUST COMPLETE P-1374 – USE OF FORCE FORM)
VEHICLE TO BE IMPOUNDED? ☐ YES ☒ NO   PLATE #: _____   LOCATION: _____

TO BE ASKED BY THE REPORT TECHNICIAN (TO BE ASKED IN THE PRESENCE OF THE ARRESTING OFFICERS)

1. Are you injured? ☐ YES ☒ NO
   If yes, describe injury, any bandages, stitches etc. _____
   If yes, when were you injured? (Date and time) _____
2. Have you received medical attention since your arrest? ☐ YES ☒ NO
   (If yes, Arresting Officers are responsible of completing P-1261)

PROCESSING REPORT TECHNICIAN: RT SLT   EMPL/DID NO.: _____

(ARRESTING OFFICER IS RESPONSIBLE FOR: P-31, P-77C AND DCPS-L-1)

| | | | | |
|---|---|---|---|---|
| P-32 | *City Of Buffalo – Department Of Police*<br>*Central Booking Bureau*<br>*Defendant Information* | Docket No. CR-1180-24<br>CD No. 24-2540146<br>AFN 24-013266 | | |

| DEFENDANT: ANTONIO NUNES | DOB: 5/14/84 | Date Of Arrest: 8/19/24 |
|---|---|---|

Co-DEFENDANTS:
1. _____ DOB: 1F/2M/2V/1YO
2. _____ DOB: _____
3. _____ DOB: 5 BW

| 1. Officer in charge of case: OFC ELNUR KARADZHA | Assignment: B DISTRICT |
|---|---|

| | Victim(s) / Witness (es) | Date / Chg'd | Purpose | Notice | Date / Initial |
|---|---|---|---|---|---|
| 2. Name | DENNIS LAWRENCE ( V ) | 9/24 pm | PTC π | 1-3 | |
| Address | 201 ELLICOTT ST APT. 717 | | | | |
| Phone | 716-314-4881  DCOOPM | | | | |
| 3. Name | Det. Victoria Siracuse | | | | |
| Address | | | | | |
| Phone | | | | | |
| 4. Name | | | | | |
| Address | | | | | |
| Phone | | | | | |
| 5. Name | | | | | |
| Address | | | | | |
| Phone | | | | | |

### Erie County District Attorney – Buffalo City Court Disposition Form

| Arraign Date: 9/20/24 | Defense Attorney | Type | Bail Status 510.10(4)(E) 80 hrs | Judge Phillips | ADA DV |
|---|---|---|---|---|---|
| Disp. Date: | | | | | |

| Charges | PL 20 | Disposition | Disp. Code | Sentenced to: |
|---|---|---|---|---|
| 1. PL 120.00-1 | | | | |
| 2. PL 121.11-A | | | | |
| 3. PL 220.03 | | | | |
| 4. PL 195.05-1 | | | | |
| 5. PL 240.26-1 ( 2CTS) | | | | |
| 6. PL 240.20-1 | | | | |

710.30 (✓) 9/20 ahu    Lab ( )    Local/NYSISS (✓) ahu    MV-104 ( )
Supporting Dep. (✓)    Medicals ( )    DMV ( )    Readiness ( )
Forensic Req. ( )    Breath Documents ( )    Albany ( )    **Domestic Violence** ( )



PCN #: 07773492        M DT        Booking #: 2024-013266 (A)

## BUFFALO POLICE DEPARTMENT
### ARRESTING/BOOKING REPORT

Report Date: 09/20/2024 01:50

CR-7180-24

### PERSON INFORMATION

NAME: NUNES, ANTONIO            DOB: 05/14/1984   AGE: 40
SEX: Male    RACE: Black         HEIGHT: 5'11  WEIGHT: 165  BUILD: Medium
ETHNICITY: Non-Hispanic          SS #: 107686391
HAIR COLOR: Black                HAIR TYPE: Cornrows
EYE COLOR: Brown                 EYE DEFECTS: Cont. Wears Glasses
SKIN TONE: Medium                FACIAL FEATURES: Goatee
DISABILITIES:
SMT:
ADDRESS: 241 GENESEE ST, BUFFALO   US
CITIZEN OF: US    BIRTH PLACE:            PHONE:
EDUCATION:                               MARITAL STATUS: Divorced
RELIGION:        DRIVER'S LICENSE:        LICENSE STATE:
NYSID #: 09915273J    FBI #: 287395AC6    MUG #: 241850



### ARREST/OFFENSE INFORMATION

INCIDENT #: 24-2540146   ARREST TYPE: C - CIP - Crime in Progress   ARRESTING AGENCY: BUF
STATUS AT ARREST: Held                                ARREST DATE/TIME: 09/19/2024 22:07
CONDITION AT ARREST: Apparently Normal
ARRESTING OFFICER: KARADZHA, ELNUR S
ASSISTING OFFICER:
ADDRESS OF ARREST: 695 MAIN, BUFFALO NY   US
PRIMARY CHARGE: PL 120.00 01ASSAULT 3RD DEGREE: WITH INTEN Ct:M Cl:A D:3 Cnt    ATT: N

### BOOKING INFORMATION

CJTN #: 70867796M       BOOKING STATUS: Normal                    BAIL:
START DATE: 09/19/2024 23:09    END DATE: 09/19/2024 23:29
SEIZED ITEMS:                           ARRESTEE SIGNATURE:
ARRAIGNMENT COURT: CITY OF BUFFALO
BOOKING REMARKS:
NO WARRANTS    MUG ID    DEF DID ASSAULT
VIC

SLT

| Arrest Charges | Att | Incident # | Warrant # | Summons # |
|---|---|---|---|---|
| PL 120.00 01ASSAULT 3RD DEGREE: WITH INTEN Ct:M Cl:A D:3 Cnt | N | 24-2540146 | | |
| PL 121.11 ACRIM OBSTRUCTION BREATHING/BLO Ct:M Cl:A D:0 Cnt: | N | 24-2540146 | | |
| PL 195.05 01OBSTRUCT GOVERNMENTL ADMIN 2ND Ct:M Cl:A D:2 | N | 24-2540146 | | |
| PL 220.03 CRIM POSS CONTRL SUBST Ct:M Cl:A D:7 Cnt: 1 | N | 24-2540146 | | |
| PL 240.20 01DIS/CON FIGHT/VIOLENT BEHAVIO Ct:V Cl: D:0 Cnt: | N | 24-2540146 | | |
| PL 240.26 01HARASSMENT 2ND- PHYSICAL CONTA Ct:V Cl: D:2 Cnt: | N | 24-2540146 | | |

DEFENDANT

Docket Number_____

| | |
|---|---|
| CITY OF BUFFALO | CD #: 24-2540146 |
| COUNTY OF ERIE STATE OF NEW YORK | |

The People of the State of New York )
vs. )
**ANTONIO NUNES  DOB: 05/14/1984** )   **INFORMATION / COMPLAINT**
241 GENESEE ST )
BUFFALO, )

I, **Police Officer ELNUR S. KARADZHA**, a police officer herein, accuse **ANTONIO NUNES**, the DEFENDANT of this action, and charge that on or about Tuesday, September 10, 2024 at MICHIGAN AV and CHERRY ST in the CITY OF BUFFALO, County of ERIE, at about 05:50 AM, said DEFENDANT did commit the offense of:

**CRIM OBSTRUCTION BREATHING/BLOOD CIRCULATION -APPLY PRESSURE**

a class A MISDEMEANOR contrary to the provisions of section **121.11, subsection(s) A** of the Penal Law of the State of New York.

THE SAID DEFENDANT AT THE AFORESAID TIME AND PLACE, DID WITH INTENT TO IMPEDE NORMAL BREATHING OR CIRCULATION OF THE BLOOD OF ANOTHER PERSON, APPLY PRESSURE ON THE THROAT OR NECK OF SUCH PERSON. IN THAT THE VICTIM, DENNIS LAWRENCE REPORTS THAT THE SAID DEFENDANT DID PLACE TWO HANDS AROUND THE VICTIMS NECK, DID APPLY PRESSURE ON HIS THROAT CAUSING THE VICTIMS NORMAL BREATHING TO BE IMPEDED, SUBSTANTIAL PAIN AND SWELLING TO THE NECK.
MP

ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASES MADE AND PROVIDED. THE ABOVE ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT HEREIN ON DIRECT KNOWLEDGE AND UPON INFORMATION AND BELIEF WITH THE SOURCE OF THE COMPLAINANT'S INFORMATION AND THE GROUNDS FOR HIS BELIEF BEING THE FACTS CONTAINED IN THE ATTACHED SUPPORTING DEPOSITION OF DENNIS J. LAWRENCE.

Therefore, the complainant requests that said defendant be dealt with according to the provisions of the Criminal Procedure Law, and according to law.

**NOTICE**
**(Penal Law, Section 210.45)**
It is a crime, punishable as a Class A Misdemeanor under the Laws of the State of New York, for a person, in a written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

_____
Complainant

Subscribed and sworn to me this
19th of September, 2024

Docket Number_____

CITY OF BUFFALO
COUNTY OF ERIE STATE OF NEW YORK

CD #: **24-2540146**

The People of the State of New York )
vs. )
**ANTONIO NUNES  DOB: 05/14/1984** )  **INFORMATION / COMPLAINT**
241 GENESEE ST )
BUFFALO, )
)

I, **Police Officer ELNUR S. KARADZHA**, a police officer herein, accuse **ANTONIO NUNES**, the DEFENDANT of this action, and charge that on or about Thursday, September 19, 2024 at 695 MAIN in the CITY OF BUFFALO, County of ERIE, at about 10:07 PM, said DEFENDANT did commit the offense of:

**OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND DEGREE**

a class A MISDEMEANOR contrary to the provisions of section **195.05**, subsection(s) 01 of the Penal Law of the State of New York.

Such person intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration; UPON OFFCIERS PLACING THE DEFENDANT UNDER ARREST FOR ASSAULT IN THE THIRD DEGREE (PL 120.00-1) AND TRANSPORTING THE DEFENDANT TO B DISTRICT STATION HOUSE, THE DEFENDANT DID REFUSE OFFICERS COMMANDS TO STEP OUT OF THE PATROL VEHICLE AND DID SPIT AND KICK AT OFFICERS. MP

ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASES MADE AND PROVIDED. THE ABOVE ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT HEREIN ON DIRECT KNOWLEDGE.

Therefore, the complainant requests that said defendant be dealt with according to the provisions of the Criminal Procedure Law, and according to law.

**NOTICE**
**(Penal Law, Section 210.45)**
It is a crime, punishable as a Class A Misdemeanor under the Laws of the State of New York, for a person, in a written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

_____Complainant

Subscribed and sworn to me this
19th of September, 2024

Docket Number_____

**CITY OF BUFFALO**  
**COUNTY OF ERIE STATE OF NEW YORK**

CD #: 24-2540146

The People of the State of New York  )
vs.  )
**ANTONIO NUNES  DOB: 05/14/1984**  )    **INFORMATION / COMPLAINT**
241 GENESEE ST  )
BUFFALO,  )

I, Police Officer **ELNUR S. KARADZHA**, a police officer herein, accuse **ANTONIO NUNES**, the DEFENDANT of this action, and charge that on or about Thursday, September 19, 2024 at 695 MAIN in the CITY OF BUFFALO, County of ERIE, at about 10:07 PM, said DEFENDANT did commit the offense of:

**CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE SEVENTH DEGREE**

a class A MISDEMEANOR contrary to the provisions of section 220.03 of the Penal Law of the State of New York.

THE SAID DEFENDANT, AT THE AFORESAID TIME AND PLACE, DID KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE. IN THAT THE DEFENDANT DID HAVE IN HIS POSSESSION AND UNDER HIS CONTROL CRACK COCAINE RESIDUE. UPON OFFCIERS PLACING THE DEFENDANT UNDER ARREST FOR ASSAULT IN THE THIRD DEGREE (PL 120.00-1) AND TRANSPORTING THE DEFENDANT TO B DISTRICT STATION HOUSE, THE DEFENDANT DID REFUSE OFFICERS COMMANDS TO STEP OUT OF THE PATROL VEHICLE AND DID SPIT AND KICK AT OFFICERS. UPON FURTHER INVESTIGATION AND OFFICERS PAT DOWN OF THE DEFENDANT FOR OFFICERS SAFETY OFC ELNUR KARADZHA DID RECOVER (1) CAPSULE, PINK IN COLOR CONTAINING CRACK COCAINE RESIDUE FROM INSIDE OF THE DEFENDANTS LEFT FRONT JEANS POCKET AND WAS SUBMITTED INTO THE LAB FOR ANALYSIS BY SAME.

I, OFFICER ELNUR KARADZHA, THROUGH MY TRAINING AS A BUFFALO POLICE OFFICER AND THE MANY DRUG RELATED ARRESTS AND SEIZURES OF CRACK COCAINE I HAVE MADE WHICH HAVE BEEN CONFIRMED BY LABORATORY ANALYSIS DO RECOGNIZE THE BROWNISH BURNT ON SUBSTANCE TO BE CRACK COCAINE RESIDUE.
MP

ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASES MADE AND PROVIDED. THE ABOVE ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT HEREIN ON DIRECT KNOWLEDGE.

Therefore, the complainant requests that said defendant be dealt with according to the provisions of the Criminal Procedure Law, and according to law.

**NOTICE**
(Penal Law, Section 210.45)
It is a crime, punishable as a Class A Misdemeanor under the Laws of the State of New York, for a person, in a written instrument, to knowingly make a false statement, or to make a statement which such person does not believe

Docket Number_____

**CITY OF BUFFALO**　　　　　　　　　　　　　　　　　　CD #: **24-2540146**
**COUNTY OF ERIE STATE OF NEW YORK**

|  |  |
|---|---|
| The People of the State of New York )<br>vs. )<br>**ANTONIO NUNES  DOB: 05/14/1984** )<br>241 GENESEE ST )<br>BUFFALO, ) | **INFORMATION / COMPLAINT** |

I, **Police Officer ELNUR S. KARADZHA**, a police officer herein, accuse **ANTONIO NUNES**, the DEFENDANT of this action, and charge that on or about Tuesday, September 10, 2024 at MICHIGAN AV and CHERRY ST in the CITY OF BUFFALO, County of ERIE, at about 05:50 AM, said DEFENDANT did commit the offense of:

### ASSAULT IN THE THIRD DEGREE

a class A MISDEMEANOR contrary to the provisions of section 120.00, subsection(s) 01 of the Penal Law of the State of New York.

THE SAID DEFENDANT, AT THE AFORESAID TIME AND PLACE, DID WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSED SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON. IN THAT THE VICTIM, DENNIS LAWRENCE REPORTS THAT THE SAID DEFENDANT DID STRIKE HIM ABOUT THE FACE MULTIPLE TIMES WITH A CLOSED FIST CAUSING SUBSTANTIAL PAIN, A LACERATION ABOVE HIS LEFT EYE, CUTS TO THE FACE, HEAD, AND MOUTH AREA, AND BLEEDING.  AMR DID ARRIVE ON SCENE AND DID TRANSPORT THE VICTIM TO THE HOSPITAL TO BE TREATED FOR HIS INJURIES.
MP

ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASES MADE AND PROVIDED. THE ABOVE ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT HEREIN ON DIRECT KNOWLEDGE AND UPON INFORMATION AND BELIEF WITH THE SOURCE OF THE COMPLAINANT'S INFORMATION AND THE GROUNDS FOR HIS BELIEF BEING THE FACTS CONTAINED IN THE ATTACHED SUPPORTING DEPOSITION OF DENNIS J. LAWRENCE.

Therefore, the complainant requests that said defendant be dealt with according to the provisions of the Criminal Procedure Law, and according to law.

### NOTICE
(Penal Law, Section 210.45)
It is a crime, punishable as a Class A Misdemeanor under the Laws of the State of New York, for a person, in a written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

_____
Complainant

Subscribed and sworn to me this
19th of September, 2024

Docket Number_____

CITY OF BUFFALO                                            CD #: **24-2540146**
COUNTY OF ERIE STATE OF NEW YORK

The People of the State of New York    )
vs.                                    )
**ANTONIO NUNES  DOB: 05/14/1984**     )     **INFORMATION / COMPLAINT**
241 GENESEE ST                         )
BUFFALO,                               )

I, Police Officer **ELNUR S. KARADZHA**, a police officer herein, accuse **ANTONIO NUNES**, the DEFENDANT of this action, and charge that on or about Thursday, September 19, 2024 at 695 MAIN in the CITY OF BUFFALO, County of ERIE, at about 10:07 PM, said DEFENDANT did commit the offense of:

### HARASSMENT IN THE SECOND DEGREE COUNT TWO

a VIOLATION contrary to the provisions of section 240.26, subsection(s) 01 of the Penal Law of the State of New York.

THE SAID DEFENDANT, AT THE AFORESAID TIME AND PLACE, WITH INTENT TO HARASS, ANNOY OR ALARM ANOTHER PERSON, DID STRIKE, SHOVE, KICK OR OTHERWISE SUBJECT SUCH OTHER PERSON TO PHYSICAL CONTACT, OR ATTEMPTS OR THREATENS TO DO THE SAME. IN THAT THE VICTIM, OFC ELNUR KARADZHA REPORTS THAT UPON PLACING THE DEFENDANT UNDER ARREST FOR ASSAULT IN THE THIRD DEGREE (PL 120.00-1) AND TRANSPORTING THE DEFENDANT TO B DISTRICT STATION HOUSE, THE DEFENDANT DID REFUSE OFFICERS COMMANDS TO STEP OUT OF THE PATROL VEHICLE AND DID SPIT AND KICK AT HIM.  SAID ACTIONS BY THE DEFENDANT DID CAUSE THE VICTIM TO BE HARASSED, ANNOYED AND ALARMED.
MP

ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASES MADE AND PROVIDED. THE ABOVE ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT HEREIN ON DIRECT KNOWLEDGE.

Therefore, the complainant requests that said defendant be dealt with according to the provisions of the Criminal Procedure Law, and according to law.

### NOTICE
(Penal Law, Section 210.45)

It is a crime, punishable as a Class A Misdemeanor under the Laws of the State of New York, for a person, in a written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

_____ Complainant

Subscribed and sworn to me this
19th of September, 2024

Docket Number_____

**CITY OF BUFFALO**  
**COUNTY OF ERIE STATE OF NEW YORK**

CD #: **24-2540146**

The People of the State of New York )  
vs. )  
**ANTONIO NUNES  DOB: 05/14/1984** )   **INFORMATION / COMPLAINT**  
241 GENESEE ST )  
BUFFALO, )  

I, **Police Officer ELNUR S. KARADZHA**, a police officer herein, accuse **ANTONIO NUNES**, the DEFENDANT of this action, and charge that on or about Tuesday, September 10, 2024 at MICHIGAN AV and CHERRY ST in the CITY OF BUFFALO, County of ERIE, at about 05:50 AM, said DEFENDANT did commit the offense of:

### HARASSMENT IN THE SECOND DEGREE COUNT ONE

a VIOLATION contrary to the provisions of section 240.26, subsection(s) 01 of the Penal Law of the State of New York.

THE SAID DEFENDANT, AT THE AFORESAID TIME AND PLACE, WITH INTENT TO HARASS, ANNOY OR ALARM ANOTHER PERSON, DID STRIKE, SHOVE, KICK OR OTHERWISE SUBJECT SUCH OTHER PERSON TO PHYSICAL CONTACT, OR ATTEMPTS OR THREATENS TO DO THE SAME. IN THAT THE VICTIM, DENNIS LAWRENCE REPORTS THAT THE SAID DEFENDANT DID STRIKE HIM ABOUT THE FACE MULTIPLE TIMES WITH A CLOSED FIST. SAID ACTIONS BY THE DEFENDANT DID CAUSE THE VICTIM TO BE HARASSED, ANNOYED AND ALARMED.  
MP

ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASES MADE AND PROVIDED. THE ABOVE ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT HEREIN ON DIRECT KNOWLEDGE AND UPON INFORMATION AND BELIEF WITH THE SOURCE OF THE COMPLAINANT'S INFORMATION AND THE GROUNDS FOR HIS BELIEF BEING THE FACTS CONTAINED IN THE ATTACHED SUPPORTING DEPOSITION OF DENNIS J. LAWRENCE.

Therefore, the complainant requests that said defendant be dealt with according to the provisions of the Criminal Procedure Law, and according to law.

**NOTICE**  
(Penal Law, Section 210.45)  
It is a crime, punishable as a Class A Misdemeanor under the Laws of the State of New York, for a person, in a written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

_____  
Complainant

Subscribed and sworn to me this  
19th of September, 2024

Docket Number_____

CD #: **24-2540146**

**CITY OF BUFFALO**
**COUNTY OF ERIE STATE OF NEW YORK**

The People of the State of New York                       )
vs.                                                       )
**ANTONIO NUNES  DOB: 05/14/1984**                        )   **INFORMATION / COMPLAINT**
241 GENESEE ST                                            )
BUFFALO,                                                  )

I, **Police Officer ELNUR S. KARADZHA**, a police officer herein, accuse **ANTONIO NUNES**, the DEFENDANT of this action, and charge that on or about Thursday, September 19, 2024 at 695 MAIN in the CITY OF BUFFALO, County of ERIE, at about 10:07 PM, said DEFENDANT did commit the offense of:

**DISORDERLY CONDUCT**

a VIOLATION contrary to the provisions of section 240.20, subsection(s) 01 of the Penal Law of the State of New York.

THE SAID DEFENDANT, AT THE AFORESAID TIME AND PLACE, WITH INTENT TO CAUSE PUBLIC INCONVENIENCE, ANNOYANCE OR ALARM, OR RECKLESSLY CREATING A RISK THEREOF, DID ENGAGE IN FIGHTING OR IN VIOLENT, TUMULTUOUS OR THREATENING BEHAVIOR. UPON OFFICERS PLACING THE DEFENDANT UNDER ARREST FOR ASSAULT IN THE THIRD DEGREE (PL 120.00-1) AND TRANSPORTING THE DEFENDANT TO B DISTRICT STATION HOUSE, THE DEFENDANT DID REFUSE OFFICERS COMMANDS TO STEP OUT OF THE PATROL VEHICLE, DID SPIT AND KICK AT OFFICERS, AND DID ACT IN AN AGRESSIVE, VIOLENT MANNER. SAID ACTIONS BY THE DEFENDANT DID CAUSE A PUBLIC INCONVENIENCE, ANNOYANCE OR ALARM. MP

ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASES MADE AND PROVIDED. THE ABOVE ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT HEREIN ON DIRECT KNOWLEDGE.

Therefore, the complainant requests that said defendant be dealt with according to the provisions of the Criminal Procedure Law, and according to law.

**NOTICE**
(Penal Law, Section 210.45)
It is a crime, punishable as a Class A Misdemeanor under the Laws of the State of New York, for a person, in a written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

_____ Complainant

Subscribed and sworn to me this
19th of September, 2024